UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KATHRYN THOMPSON,

     Plaintiff,

v.                                        Case No: 5:25-cv-307-JSM-PRL

NETCOM DIV.27, LLC,

     Defendant.

_____

## ORDER

This cause comes before the Court on Defendant's Motion to Compel. (Doc. 19). Defendant seeks an Order compelling Plaintiff to produce documents in response to Defendant's First Request for Production of Documents served on November 12, 2025, and requests an award of attorney's fees incurred in connection with the motion. (*See id.*; Doc. 19-1). While the deadline for responding has not yet expired, *see* M.D. Fla. Local Rule 3.01(d), the undersigned does not require a response to resolve the motion, as it is due to be denied without prejudice for failure to comply with Local Rule 3.01(g).

Local Rule 3.01(g) provides that before filing any motion in a civil case, subject to certain exceptions that are not applicable here, the movant must confer with the opposing party in a good faith effort to resolve the motion and include a "Local Rule 3.01(g) Certificate" at the end of the motion, in which the movant certifies it has conferred with the opposing party, state whether the parties agree on the resolution of all or part of the motion, and if the motion is opposed, how the conference was conducted. *See* M.D. Fla. Local Rule 3.01(g). "The importance of Local Rule 3.01(g) 'cannot be overstated.'" *Craig v. Target Corp.*, No. 2:23-cv-599-JLB-KCD, 2023 WL 11257275, at *1 (M.D. Fla. Dec. 4, 2023) (citation omitted); *see*

*also* Middle District Discovery (Feb. 1, 2021) at Section I.A.2 (noting that Local Rule 3.01(g) is "strictly enforced"). Local Rule 3.01(g) "is designed to foster communication between the parties and help resolve certain disputes without court intervention." *Craig*, 2023 WL 11257275, at *1 (citations and internal quotation marks omitted); *see Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996); *see also Walker v. Corizon Health, Inc.*, No. 6:22-cv-1761-PGB-DAB, 2023 WL 422937, at *1 (M.D. Fla. Jan. 26, 2023) (explaining that "[t]he underlying spirit animating the Court's requirement that the parties confer in good faith prior to filing certain motions is the hope that the parties' counsel will work amicably to resolve their clients' differences and thereby, from time to time, obviate the unnecessary taxing of the Court's time and judicial resources").

The rule has been construed to mean to "speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *See Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000); *Good Gateway, LLC v. Orlando Gateway Partners, LLC*, No. 6:25-cv-120-WWB-RMN, 2025 WL 2083415, at *1 (M.D. Fla. Feb. 19, 2025) ("The term 'confer' in Rule 3.01(g) requires a *substantive* conversation in person or by telephone in a *good faith effort to resolve the motion* without court action and does not envision an exchange of ultimatums by fax, letter, or e-mail.") (emphasis added); Middle District Discovery (Feb. 1, 2021) at Section I.A.2 (defining "confer" in Local Rule 3.01(g) as a "substantive discussion," in which "[m]any potential discovery disputes are resolved []or the differences narrowed or clarified[] when counsel confer in good faith"). Federal Rule of Civil Procedure 37 includes a similar conferral requirement. *See* Fed. R. Civ. P. 37(a)(1) (stating that a motion for an order compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to

make disclosure or discovery in an effort to obtain it without court action"). Indeed, these rules prevent the involvement of the Court in matters that can be easily resolved by the parties.

Upon review, it does not appear that Defendant conducted a meaningful conferral with the Plaintiff in a good faith effort to resolve the Motion to Compel before filing the instant motion. While Defendant included a "Notice of Conferral" in the Motion to Compel, stating that its counsel "spoke with" Plaintiff's counsel during and after Plaintiff's deposition on February 17, 2026 about various discovery issues, Defendant fails to assert that it complied with Local Rule 3.01(g) by specifically discussing its pending Motion to Compel with Plaintiff, or that it obtained opposing counsel's position on whether Plaintiff opposes the relief requested in the Motion to Compel. (*See* Doc. 19 at p. 5). Although Defendant also claims its counsel emailed Plaintiff's counsel asking for responsive documents and/or a privilege log on February 20, 2026, and "advised that this motion would be filed if no agreement was reached by the end of the following week," this is insufficient to show compliance with Local Rule 3.01(g). (*See id.*). "A cryptic e-mail [to opposing counsel] satisfies neither Rule 37's demands [n]or Local Rule 3.01(g)'s conferral requirements." *Johnson v. Wal-Mart Stores E., LP*, No. 8:23-cv-1768-SDM-SPF, 2023 WL 6518966, at *2 (M.D. Fla. Oct. 5, 2023) (citation omitted). As noted above, the Middle District of Florida has construed the mandates of Local Rule 3.01(g) to mean having a "substantive conversation," or in other words, "speak[ing] to each other in person or by telephone, in a good faith attempt to resolve disputed issues" in the motion without court action. *See Davis*, 2000 WL 1658575, at *2 n.1; *Good Gateway, LLC*, 2025 WL 2083415, at *1; *see also Regions Bank v. Legal Outsource PA*, No. 2:14-cv-476-FTM-29MRM, 2016 WL 7228738, at *2 (M.D. Fla. Mar. 10, 2016) (noting that "[c]ounsel who merely 'attempt' to confer have not 'conferred'" in accordance with Rule 3.01(g)) (citation omitted).

The issues raised in Defendant's Motion to Compel are precisely the type that would benefit from a meaningful, good-faith conference between counsel. For these reasons, the Court finds Defendant's "Notice of Conferral" to be deficient and not in compliance with Local Rule 3.01(g).

As such, the Court will deny Defendant's Motion to Compel without prejudice. If Defendant wishes to renew the motion, Defendant may do so only after satisfying both the letter and spirit of Local Rule 3.01(g), and any renewed motion must contain a proper Local Rule 3.01(g) certification with the necessary requirements and information. Prior to renewing the motion, the parties should make every effort to confer in good faith, either in person or via telephone, and meaningfully discuss each and every discovery request that remains in dispute in an effort to reach a resolution. Counsel for Defendant is reminded of his obligations under the Local Rules and that failure to comply with those obligations under the applicable rules may result in sanctions.

Accordingly, Defendant's Motion to Compel (Doc. 19) is **DENIED without prejudice**, subject to refiling, if appropriate, in compliance with the Local Rules.

**DONE** and **ORDERED** in Ocala, Florida on March 9, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties